Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA  92653
949. 859. 9200
e-mail: sahelianlaw@me.com
Attorneys for Sam Mushmel; Rajaa Mushmel

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(Western Division - Los Angeles)**

| | |
|---|---|
| Anthony Bouyer<br>    Plaintiff,<br>       vs.<br>Sam Mushmel; Rajaa Mushmel<br>    Defendants. | CASE NO.: 2:20-cv-04571-DMG-MRW<br><br>The Honorable Dolly M. Gee<br><br>**POINTS AND AUTHORITIES TO MOTION TO DISMISS [FRCP 12(b) 1]**<br><br>Hearing Date: 8/14/2020<br>Time: 9:30 AM |

## TABLE OF CONTENTS

**I. INTRODUCTION**
Compliance with Local Rule 7-3  ....  p. 2

**II. DISCUSSION**
    a. The Complaint Is Jurisdictionally Defective and Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(1)  ....  p. 2
        1. Plaintiff Has Failed to Allege Facts Demonstrating the Existence of an Injury-In-Fact.  ....  p. 3
        2. Plaintiff Fails to Allege the Manner in which His Injury Can Be Redressed by a Favorable Decision.  ....  p. 11
        3. Plaintiff Has Not Alleged an Injury-in-Fact that Is Actual or Imminent, and Not Conjectural or Hypothetical  ....  p. 12
    b. The Need for an Early Site Visit Followed by an Evidentiary Hearing …..  p. 13
    c. The Complaint, in Addition, Does Not Meet the Plausibility Standard and Is Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(6) …...  p. 14

**III. CONCLUSION**

---

## TABLE OF AUTHORITIES

*Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (2002)  ....  p. 2
*United States v. Hays*, 515 U.S. 737, 742 (1995)  ....  p. 2
*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561  ....  p. 2, 4
*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)  ....  p. 3
*Warth v. Seldin*, 422 U.S. 490, 518 (1975)  ....  p. 4
*Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 944, 954, 955 (9th. Cir. 2011) (en banc)  ....  p. 4, 5, 6, 7, 8, 11
*Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) ....  p. 12
*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th. Cir. 2008)  ....  p. 12
*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003)...  p. 14

*Dreier v. United States*, 106 F.3d844, 847 (9th Cir. 1996) .... p. 14
*Ashcroft v. Iqbal*, 556 U.S. 662, 664 .... p. 14, 16
*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) … p. 14
*Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011) ....  p. 15
*Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir.2010) … p. 15

Fed. R. Civ. P. 12(h)(3)   ....   p. 3
Fed. R. Civ. P. 12(b)(1)   ....   p. 7, 13
Americans with Disabilities Act Accessibility Guidelines 406.5 ………… p. 9
42 U.S.C. § 12182(a) … p. 15

**TABLE OF CONTENTS AND AUTHORITIES**

# POINTS AND AUTHORITIES TO MOTION TO DISMISS [FRCP 12(b)1]

## I. INTRODUCTION

This Motion is being made on behalf of Sam Mushmel; Rajaa Mushmel (hereinafter also "Defendants"). On , plaintiff Anthony Bouyer (hereinafter also "Plaintiff"), filed the instant action against Defendants, in relation to Gigis Liquor store located at 14038 Victory Blvd., Van Nuys (hereinafter also, "Site"), asserting claims for "Americans with Disabilities."

**Compliance with Local Rule 7-3:** The parties have met and conferred and discussed the issues pertinent to this case. This case is not unique in that the parties' attorneys have had the same issues come up on other cases. The parties were unable to reach a resolution. (Declaration of counsel, ¶3).

## II. DISCUSSION

**a. The Complaint Is Jurisdictionally Defective and Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(1)**

"[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *United States v. Hays*, 515 U.S. 737, 742, (1995). The existence of Article III standing is not subject to waiver. *Hays, 515 U.S., at*

POINTS AND AUTHORITIES TO MOTION TO DISMISS [FRCP 12(b)1]
Page 2 -

742. It must be demonstrated "at the successive stages of the litigation," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986).

    1. <u>Plaintiff Has Failed to Allege Facts Demonstrating the Existence of an Injury-In-Fact</u>.

    Plaintiff alleges, "[No] designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on April 30, 2020." ¶11.

    "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1)." ¶12.

    "To establish injury in fact, a plaintiff must show that he or she suffered

'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Lujan, 504 U.S. at* 560. To that end, "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist." "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating" the existence of an injury in fact. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Although Plaintiff alleges that he is physically disabled, and that he visited the Site and encountered architectural barriers that denied him full and equal access, he does not allege how his disability relates to the barriers so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement. In other words, the Complaint does not connect the alleged violations to Plaintiff's disability, or indicate how he encountered any one of them in such a way as to impair full and equal enjoyment of the Site.

In 2011, an en banc panel met in *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 955 (9th. Cir. 2011) (en banc) to resolve intra-circuit conflicts on issues pertinent to the private enforcement of the ADA. The decision established the pleading standards as they apply to litigation under the ADA. *Chapman* is the only ADA-related en banc decision in the Ninth

Circuit of which this attorney is aware. It is not often that the Ninth Circuit chooses to meet en banc. Rather, this rare event happens about twenty times a year out of nearly eleven thousand cases brought before the Court annually.

The Ninth Circuit noted its purpose in analyzing *Chapman* en banc: "We vacated the panel's decision after a majority of our court's non-recused active judges voted to rehear the appeal en banc to examine the Article III standing doctrine in the context of actions for injunctive relief under the ADA." 631 F.3d at 944.

Among the issues the Court addressed was whether Chapman had sufficiently pleaded injury-in-fact to have Article III standing under the case-or-controversy principles established by the Supreme Court. *Chapman*, 631 F.3d at 954-55. In so doing, the *Chapman* court analyzed the established injury-in-fact requirements, set out by the Supreme Court in *Lujan*, as they had been applied to ADA cases.

The en banc panel in *Chapman* concluded that both the District Court, and the three-judge panel of the Ninth Circuit had missed the fact that the complaint was jurisdictionally defective on the grounds that none of the

barriers alleged in the complaint were described to permit either the parties or the courts to understand *how* Chapman was personally affected by the barriers, how they related to his specific disability, or if they related to his disability at all. Further, the list of purported barriers did not indicate whether or how each deterred Chapman from returning to Pier 1. As a consequence, the *Chapman* court determined, that Chapman had failed to properly aver injury-in-fact or imminent harm, and thus "the district court should have dismissed" the ADA claims. *Id.* at 955.

> While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, "a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Chapman's complaint fails to sufficiently allege the essential elements of Article III standing. Although Chapman alleges that he is "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access," he never alleges

what those barriers were and *how his disability was affected by them so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement* (i.e., that he personally suffered discrimination under the ADA on account of his disability). (emphasis added). (*Id*. 954)

...

Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One. Nor does he identify *how* any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return to the Store, or how any of them deter him from visiting the Store due to his disability. (*Id*. 955) (emphasis added)

...

Because Chapman lacked standing at the outset of this litigation to assert the ADA claims, the district court should have dismissed them. See Fed. R. Civ. P. 12(b)(1); *Hays*, 515 U.S. at

747 (ordering the district court to dismiss the complaint for lack of standing). We therefore vacate the district court's grant of summary judgment, and remand with instructions to dismiss Chapman's ADA claim for lack of jurisdiction and for further proceedings consistent with this opinion.

The Complaint filed by Chapman in 2004 was dismissed by the en banc panel in 2011 for its failure to plead facts. Plaintiff's complaint is equally defective. The lack of adherence to the principles enunciated eight years ago by the 9th Circuit is painfully obvious.

The complaint filed by Plaintiff, here, is the type the 9th Circuit, in *Chapman,* admonished. It is devoid of allegations as to *how* the listed barriers denied Plaintiff full and equal access. Simply put, Chapman was required to allege what he could not do at Pier One, that an able-bodied person could. For instance, Chapman could not make his way through the aisles because of the clutter, but an able-bodied person could; Chapman was unable to reach the items at the sales counter, but an able-bodied person could. No such allegations are made here with Plaintiff.

**The central question is *how*: how was Plaintiff's disability affected**

**by the alleged barriers so as to deny Plaintiff full and equal access?**

Plaintiff points to a "built-up curb ramp" in paragraph 12 of the Complaint and explains that the curb ramp projects from the sidewalk into the access aisle. There is a reference to section 406.5 made thereafter. Plaintiff then avers that the curb ramp's grade exceeds the allowable amount.

Section 406.5 states "*Location.  Curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles.  Curb ramps at marked crossings shall be wholly contained within the markings, excluding any flared sides.*"

Exhibit B is a typical curb ramp described by the Access Board. What Plaintiff is referring to is potentially the curb ramp continuing way past the access aisle.

A built-up curb ramp as shown in Exhibit B is acceptable under the Americans with Disabilities Architectural Guidelines. A curb ramp that continues into the access aisle and causes the access aisle to slope is not. However, this is a benign technical compliance issue that is not likely to cause difficulty or discomfort to the majority of wheelchair users. We are

informed that Plaintiff uses a wheelchair, but are offered no information beyond that.

Plaintiff does not educate the reader as to how the curb ramp projecting into the sidewalk denied him access to the liquor store or caused him difficulty, discomfort, or embarrassment. It is not enough for Plaintiff to simply state that he is confined to a wheelchair and hence the curb ramp denies him access. Plaintiff must explain how he is denied access.

For instance, Plaintiff can instruct the reader that his shoulders and forearms are limited in strength and because of this condition, the grade prevents him from pushing his wheelchair onto the sidewalk. On the other hand, if Plaintiff uses a power wheelchair, even the most severe of grades are likely to be inconsequential.

The upshot is, the ADA is not an attorney general statute. Plaintiff does not have standing to sue on the behalf of others. He must relate the alleged barriers to his specific condition. He must explain how he was denied access or experienced difficulty or discomfort; whether he attempted to park and was unable to; whether he was unable to park at all; whether he was unable to exit his van using his wheelchair, or whether he was unable to reach the

sidewalk. In other words, he must follow the *Chapman* guideline.

Finally, the Complaint does not instruct whether Plaintiff has previously patronized the store; whether he lives nearby. Plaintiff avers "the presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at [sic] public place of accommodation…" That is a conclusory statement, again, the type admonished by *Chapman*.

Plaintiff does not allege *how* his disability relates to the alleged barriers so as to deny him the "full and equal" access. Plaintiff does not allege *how* he actually experienced difficulty. Plaintiff's averment is just as insufficient as Chapman's was 15 years ago.

2. <u>Plaintiff Fails to Allege the Manner in which Injury Can Be Redressed by a Favorable Decision.</u>

What exactly is it that Plaintiff wants altered in order for him to have access to the liquor store?

An ADA plaintiff must show his injury is caused by a violation of the objective ADAAG standards and may be redressed by a favorable order from a court. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) ("[Defendant's] noncompliance with [the ADA] has caused

[plaintiff's] injury, and an injunction requiring [defendant] to comply with the ADA would redress it."). Simply put, what aspects of the Site must Defendants alter if Plaintiff is not to be deterred?

3. <u>Plaintiff Has Not Alleged an Injury-in-Fact that Is Actual or Imminent, and Not Conjectural or Hypothetical.</u>

A plaintiff's intent to return must be sincere. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th. Cir. 2008). Here, there are no allegations made of Plaintiff's past patronage of the business, whether it is located within a reasonable distance from Plaintiff's residence, Plaintiff's relationship to the geographic area, and evidence of a sincere intent to return, all of which could demonstrate an "actual or imminent" injury. A plaintiff's intent to return must be sincere. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th. Cir. 2008).

There is no explanation given as to whether he has specific plans to return to the Site, as opposed to "some day," and why he would prefer to patronize Defendant's business, as opposed to others providing identical goods and services near his residence. In other words, Plaintiff has not averred a credible and/or plausible plan to return.

Defendants should not have to commence costly discovery, for example, take the Plaintiff's deposition, only to discover that facts Plaintiff should have pled in order to have standing under Article III are absent.

For the foregoing reasons, the Complaint is jurisdictionally defective and subject to dismissal under the Federal Rule of Civil Procedure 12(b)(1). Because Plaintiff lacks standing at the outset of this litigation to assert the ADA claims, the Court should dismiss them. Fed. R. Civ. P. 12(b)(1).

**b. The Need for an Early Site Visit Followed by an Evidentiary Hearing**

Where a Rule 12(b)(1) motion requires the court to resolve issues of credibility or disputed material facts, the court must first hold an evidentiary hearing before making a jurisdictional determination. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003). If the court resolves a Rule 12(b)(1) motion on declarations alone, without holding an evidentiary hearing, it should apply a standard

similar to that used in deciding summary judgment motions. *Evidence outside the pleadings may be considered*, but all factual disputes should be resolved in favor of the nonmoving party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). (emphasis added).

Subject to "physical distancing," the Court should therefore order a Site visit by Plaintiff, with all counsel present, to have Plaintiff demonstrate the substance of his claim. The Court should then hold an evidentiary hearing to rule on whether Plaintiff's claim supports Article III standing.

**c. The Complaint, in Addition, Does Not Meet the Plausibility Standard and Is Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(6)**

A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Ashcroft v. Iqbal, 556 U.S. 662, 664* or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit stated that a complaint must be (1) "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively

defend against it," and (2) "sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

Plaintiff has not adequately pled viable causes of action. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

Plaintiff only offers mere conclusions as to the third element—whether he was denied public accommodations because of his disability. The assertions in the Complaint are conclusory and fail to plausibly allege they

denied Plaintiff public accommodation based on his disability. Taking all material allegations of fact as true, Plaintiff does not provide sufficient factual allegations as to how he was denied accommodation because he is in a wheelchair. Plaintiff's allegations are only naked assertions devoid of further factual enhancement (see above). The Court need not accept "legal conclusions" as true, and should find Plaintiff's allegations for this element insufficient. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSION

For all the foregoing reasons Defendants' Motion to Dismiss should be granted.

Respectfully submitted:

Date: 7/8/2020

_____
Ara Sahelian, Esq.
SAHELIAN LAW OFFICES