Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA  92653
949. 859. 9200
e-mail: sahelianlaw@me.com

Attorneys for Sam Mushmel; Rajaa Mushmel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)

| | |
|---|---|
| Anthony Bouyer<br><br>    Plaintiff,<br><br>vs.<br><br>Sam Mushmel; Rajaa Mushmel<br><br>    Defendants. | CASE NO.: 2:20-cv-04571-DMG-MRW<br><br>The Honorable Dolly M. Gee<br><br>**EXHIBITS IN SUPPORT OF MOTION TO DISMISS [FRCP 12(b)1]**<br><br>Hearing Date: 8/14/2020<br>Time: 9:30 AM |

# SAHELIAN LAW OFFICES

23046 Avenida De La Carlota, Suite 600 . Laguna Hills, CA 92653
949. 859. 9200 . FAX 949. 954. 8333 . e-mail: sahelianlaw@me.com

Monday, June 29, 2020

*VIA EMAIL disabilityrights@manninglawoffice.*

Mr. Joseph R. Manning, Jr.
**Manning Law APC**
20062 SW Birch Street Suite 200
Newport Beach, CA 92660 949-200-8755

**Re: Matter: Bouyer v. Sam Mushmel , Case Number: 2:20-cv-04571-DMG-MRW, UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles), The Honorable Dolly M. Gee**
**MEET AND CONFER ON MOTION TO DISMISS**

Dear Mr. Manning,

Anthony Bouyer, ("Plaintiff"), filed a lawsuit against defendants Sam Mushmel, ("Defendants"), asserting claims for Americans with Disabilities, during his visit to the business located at Gigis Liquor store located at 14038 Victory Blvd., Van Nuys (hereinafter "Site").

**The Complaint is Jurisdictionally Defective**

Plaintiff has not alleged the elements of standing in the ADA context. Conclusionary remarks are insufficient to establish Article III's requirement. The Complaint is devoid of the necessary allegations.

**a. Injury-in-fact**

1. The specific barriers (referring to sections of the ADAAG);
2. Allege the way in which the barrier(s) are related to his disability;
3. Which the barrier(s) denied Plaintiff full and equal use or access; or
4. Allege how it deterred Plaintiff, on each particular occasion;
5. Explain whether Plaintiff was on his own or with an assistant.

The allegations are insufficient to establish standing. Plaintiff avers that he
"[No] designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on April 30, 2020. ¶11.

At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and

EXHIBIT A

into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1). ¶12."

Although Plaintiff alleges that he is physically disabled, and that he visited the Site and encountered architectural barriers that denied him full and equal access, he does not allege how his disability relates to the barriers so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement. In other words, the Complaint does not connect the alleged violations to Plaintiff's disability, or indicate how he encountered any one of them in such a way as to impair his full and equal enjoyment of the Site.

The Plaintiff in *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 955 used similar incomplete allegations. "Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One. Nor does he identify how any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return to the Store, or how any of them deter him from visiting the Store due to his disability. Although Chapman may establish standing as to unencountered barriers related to his disability, the list of barriers incorporated into his complaint does nothing more than 'perform a wholesale audit of the defendant's premises.'" *Chapman*, 955 quoting

*Martinez v. Longs Drug Stores, Inc.*, No. CIV-S-03-1843 DFL CMK, 2005 U.S. Dist. LEXIS 23737, at 12 (E.D. Cal. Aug. 25, 2005). "Because Chapman lacked standing at the outset of this litigation to assert the ADA claims, *the district court should have dismissed them*." *Id.*, 955. (Emphasis added).

### b. Actual or Imminent Injury

For Plaintiff to have standing, he must show evidence of "concrete travel plans" to show "that a disabled plaintiff intends to visit a facility." Here, the Complaint is silent as to:

1. Plaintiff's current residence;
2. Distance from his residence to the Site;
3. Previous visit(s) to the Site;
4. Connection to the geographic area;
5. A sincere (concrete, credible and plausible) plan to return.

Clearly, Plaintiff has averred none of the elements sufficient to establish injury-in-fact and actual or imminent injury. Because Plaintiff lacks Article III standing at the outset of this litigation to assert the ADA claims, the Court will dismiss the action.

### This Case Rightfully Belongs in State Court

In 2012, California heightened the pleading requirements to require specificity and verification of Complaints (SB 1186, CCP § 425.50) in an attempt to deter baseless claims and vexatious disability discrimination litigation. High-volume plaintiffs are made

to pay an additional $1,000 for each case filed over 10 cases, within a 12 month period.

This case rightfully belongs in State Court, as Plaintiff has filed a large number of disability discrimination cases in a relatively short time. In essence, Plaintiff has engaged in forum shopping, filing claims in Federal Courts as an "end-around" to State procedural protections. A Complaint filed on behalf of a high-frequency litigant, in a California State Court, must state whether the plaintiff is a high-frequency litigant, the number of Complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the Complaint, the reason a plaintiff was in the geographic area of the defendant's business, and the reason why he desired to access the Defendant's business, including the specific purpose. Moreover, the Complaint must be verified, and if not, it is subject to a motion to strike. A Complaint filed by a high- frequency litigant must state in the caption "ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5," and it must be signed by the Plaintiff. Plaintiff has skirted these requirements by filing in District Court.

California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes. Plaintiff should not be permitted an "end- around" SB 1186's reforms. Plaintiff should file these cases in State Court if he seeks to reap the benefits of the Unruh Civil Rights act, and should pay the additional $1,000 filing fee per case required to initiate these suits.

**Request that the Parties Meet and Confer**

Defendant intends to file a Motion to Dismiss under (Fed. R. Civ. P. 12(b)(1)). I am available to discuss these issues immediately, as we are constrained time-wise (unless Plaintiff is willing to stipulate to an extension to file a responsive pleading for Defendant to avoid a default).

Yours truly,

Ara Sahelian, Esq.




# UNITED STATES ACCESS BOARD
*Advancing Full Access and Inclusion for All*

Search …
- Search ADA Guide
- Search entire site

**The Board** | **Guidelines & Standards** | **Training** | **Enforcement** | **Research**

Home > Guidelines and Standards > Buildings & Sites > About the ADA Standards > Guide to the ADA Standards > Chapter 4: Ramps and Curb Ramps

## Chapter 4: Ramps and Curb Ramps



**ADA STANDARDS**

- Where Ramps and Curb Ramps are Required [§303.4]
- Ramp Requirements [§405]
- Curb Ramps [§406]
- Common Questions

About the ADA Standards

ADA Standards

Guide to the Standards

About this Guide

Chapter 1: Using the ADA Standards

Chapter 2: New Construction

Chapter 2: Alterations and Additions

Chapter 3: Floor and Ground Surfaces

Chapter 3: Clear Floor or Ground Space and Turning Space

Chapter 3: Operable Parts

Chapter 3: Protruding Objects

Chapter 4: Accessible Routes

Chapter 4: Entrances, Doors, and Gates

Chapter 4: Ramps and Curb Ramps

Chapter 4: Elevators and Platform Lifts

Chapter 4: Accessible Means of Egress

Chapter 5: Parking Spaces

Chapter 5: Passenger Loading Zones

Chapter 5: Stairways

**EXHIBIT B**


*Recommendations:* To prevent tripping hazards, curb ramps with returned sides should be used only where foot traffic across ramps is prevented or discouraged.

### Built-Up Curb Ramps

Built-up curb ramps are permitted, but they cannot project in parking spaces, access aisles, or vehicle traffic lanes. A top landing at least 36" deep is required at all built-up curb ramps.

**Built-Up Curb Ramp with Side Flares**



Side flares can be provided to prevent tripping hazards. Edge protection is not specified for curb ramps.


*Recommendations:* Provide edge protection along the sides of built-up curb ramps to prevent tipping hazards. Otherwise, consider a wider ramp width (48" min.) so that maneuvering does not occur near drop-offs.

EXHIBIT B