UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4571-DMG (MRWx)** | Date | August 11, 2020 |
|---|---|---|---|
| Title | *Anthony Bouyer v. Sam Mushmel, et al.* | Page | 1 of 4 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [20]**

On July 8, 2019, Defendants Sam Mushmel and Rajaa Mushmel filed a Motion to Dismiss ("MTD") Plaintiff Jose Estrada's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. # 20.] The motion is fully briefed. [Doc. ## 23, 24.] For the reasons stated below, the Court **DENIES** the MTD.

# I.
# BACKGROUND[1]

Plaintiff is a California resident and paraplegic who uses a wheelchair for mobility. Compl. at ¶ 1 [Doc. #1]. On or about April 30, 2020, he visited Defendants' business located at 14038 Victory Blvd., Van Nuys, CA 91401 ("the Business"), "for the dual purpose of purchasing a beverage and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law." *Id.* at ¶¶ 2, 8. The Business is a facility open to the public with reserved parking spaces. *Id.* at ¶¶ 9-10. On the date of Plaintiff's visit, the Business had "no designated parking spaces available for persons with disabilities" and instead had "a built up curb ramp that projects from the sidewalk and into the access aisle" which was "in excess of the maximum grade allowed" by the 2010 Americans with Disabilities Act Accessibility Guidelines. *Id.* at ¶¶ 11-12. Plaintiff personally encountered these barriers, which denied him access to the facility. *Id.* at ¶¶ 16, 21. Plaintiff intends to return to patronize the Business, but he is currently deterred from doing so. *Id.* at ¶ 19.

On May 21, 2020, Plaintiff filed a Complaint against Defendants alleging one claim for injunctive relief under the Americans with Disabilities Act ("ADA") and one claim for statutory damages and fees under the California Unruh Civil Rights Act. [Doc. # 1.] On June 15, 2020, in light of California's statutory efforts to curb abuses relating to construction-related disability

---

[1] The Court assumes the truth of the Complaint's factual allegations solely for the purpose of deciding Defendants' motion to dismiss.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4571-DMG (MRWx)** | Date | August 11, 2020 |
|---|---|---|---|

| Title | ***Anthony Bouyer v. Sam Mushmel, et al.*** | Page | 2 of 4 |
|---|---|---|---|

access claims and because Plaintiff is a "high-frequency litigant" under California Civil Procedure Code section 425.55(b)(1), the Court declined to exercise supplemental jurisdiction over the Unruh Act claim. [Doc. # 16.]

## II.
## LEGAL STANDARD

Establishing constitutional standing is a threshold requirement to bringing suit in federal court. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 (1983). To demonstrate standing, plaintiffs must show that: (1) they have suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's conduct; and (3) the court could likely redress the injury through a favorable decision. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Supreme Court has instructed courts to take "a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, Defendants mount a facial attack.[2]

A defendant also may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[2] Although Defendants request a site visit and an evidentiary hearing, they introduce no extrinsic evidence that disputes Plaintiff's factual allegations. Moreover, jurisdictional fact-finding is inappropriate where, as here, the jurisdictional issues are so intertwined with the merits. *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). Accordingly, Defendants' request for an evidentiary hearing is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4571-DMG (MRWx)** | Date | August 11, 2020 |
|---|---|---|---|
| Title | ***Anthony Bouyer v. Sam Mushmel, et al.*** | Page | 3 of 4 |

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

## III.
## DISCUSSION

A civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The Ninth Circuit has held that for an ADA discrimination claim based on the "the presence of architectural barriers at a place of public accommodation, . . . the relevant 'grounds' are the allegedly non-compliant architectural features at the facility." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (citing *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)). "Thus, in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint." *Id.* Without alleging what the specific architectural barriers are in the Complaint and "connecting the alleged violations to [his] disability," a plaintiff will not satisfy the injury-in-fact requirement of standing. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

Defendants argue that Plaintiff's allegations resemble those in *Chapman*, and that Plaintiff has failed to relate the barriers to his disability or indicate how his encounter with the barriers impaired his full and equal enjoyment of the Business. MTD at 5-13. In *Chapman*, the plaintiff alleged a laundry list of ADA violations throughout the premises, without even attempting to connect them to the plaintiff's disability or his capacity to access the facility. 631 F.3d at 954-55. By contrast, here Plaintiff alleges two known, related violations at the point of entry: the Business's available parking contains a curb ramp that projects into the access aisle, and the ramp is too steep. Compl. at ¶¶ 11-12. Plaintiff also alleges that he is a paraplegic who requires a wheelchair for mobility and who uses a Disabled Person Parking Placard. *Id.* at ¶ 1. Defendants demand to know *how* Plaintiff was affected by the alleged violation, but the answer is inherent in the nature of the disability and of the barrier: the Court can reasonably infer that a wheelchair is impeded by the absence of an unobstructed access aisle and by a too-steep ramp. While Plaintiff does not provide a detailed narrative of his encounter with the barrier or of his condition, neither

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4571-DMG (MRWx)** | Date | August 11, 2020 |
|---|---|---|---|
| Title | ***Anthony Bouyer v. Sam Mushmel, et al.*** | Page | 4 of 4 |

*Chapman* nor Rule 8 requires one. The factual allegations are sufficient to provide fair notice of the grounds of his claim.

Similarly, Plaintiff need not allege specific plans or reasons for patronizing the Business again in the future. He has alleged that he intends to return to the Business but that he is currently deterred from doing so, and that without injunctive relief he will be unable to access the facilities. *Id.* at ¶¶ 19, 25. This is sufficient to establish a concrete and particularized injury. *Doran*, 524 F.3d at 1041 ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."). Plaintiff's motivations for returning to the Business are irrelevant. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017).

Accordingly, Plaintiff has adequately pled an injury-in-fact to establish standing.[3] By the same token, Plaintiff has adequately alleged a plausible claim for violation of the ADA.

## II.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' MTD. Defendants shall file their Answer to the Complaint within 15 days of the date of this Order. The August 14, 2020 hearing is **VACATED**.

**IT IS SO ORDERED.**

---

[3] Defendants also question whether the alleged injury is redressable by the Court. MTD at 11-12. An injunction compelling them to correct the ADA violations is plainly within the Court's authority. *See* 42 U.S.C. 12188(a)(2).